**Opinion issued February 6, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00060-CV

————————————

## JAMEY ANGEL BUTLER, Appellant

## V.

## CHARLES E. BUTLER, Appellee

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-71524**

---

## MEMORANDUM OPINION

Appellant, Jamey Angel Butler, has filed a notice of appeal from the trial court's November 1, 2022 final order on petition to modify parent-child relationship. Appellant has failed to timely file a brief. *See* TEX. R. APP. P. 38.6(a) (governing time to file brief).

The reporter's record was filed in this appeal on April 13, 2023, and the clerk's record was filed on April 25, 2023. On June 1, 2023, this Court issued an order setting July 3, 2023 as the deadline for appellant to file her brief. *See* TEX. R. APP. P. 38.6(a). Appellant did not file an appellant's brief.

On July 14, 2023, the Clerk of this Court notified appellant that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). On July 17, 2023, appellant filed a motion for extension of time to file her appellant's brief, which the Court granted, setting August 4, 2023 as the deadline for appellant to file her brief. Appellant did not file an appellant's brief.

On August 16, 2023, the Clerk of this Court notified appellant that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). On September 6, 2023, appellant filed a motion for extension of time to file her appellant's brief, requesting that the Court extend

the deadline to file her brief to September 11, 2023. The Court granted appellant's motion, but appellant did not file an appellant's brief.

On September 22, 2023, the Clerk of this Court notified appellant that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). On October 9, 2023, appellant filed a motion for extension of time to file her appellant's brief, requesting that the Court extend the deadline to file her brief to October 16, 2023. The Court granted appellant's motion. Appellant did not file an appellant's brief.

On October 25, 2023, the Clerk of this Court notified appellant that this appeal was subject to dismissal unless a brief, or a motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with notice from Clerk of Court). On November 13, 2023, appellant filed a motion for extension of time to file her appellant's brief, requesting that the Court extend the deadline to file her brief to November 20, 2023. The Court granted the motion, but informed appellant that no further motions for extension would be granted and

if appellant did not timely file her appellant's brief, her appeal would be dismissed for want of prosecution. Appellant did not file her appellant's brief.

Accordingly, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Countiss, and Farris.